**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――――

No. 20-1112

―――――――

SURENDER MALHAN, for himself and as a parent of E.M. and V.M.,
Appellant

v.

DAVID KATZ, in both his individual and official capacities;
JOHN DOES 1 THROUGH 10

―――――――

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2:18-cv-16404)
U.S. District Judge: Hon. Susan D. Wigenton

―――――――

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 17, 2020

Before:  KRAUSE, RESTREPO, and BIBAS, *Circuit Judges*.

(Opinion filed: October 14, 2020)

―――――――

OPINION*

―――――――

―――――――――――――――

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not
constitute binding precedent.

KRAUSE, *Circuit Judge*.

Surender Malhan appeals the dismissal of his complaint. Because we agree with the District Court that Judge Katz is not a proper defendant for declaratory or injunctive relief under 42 U.S.C. § 1983 and is absolutely immune from a suit for monetary damages, we will affirm.

## I. DISCUSSION[1]

Malhan's claims against Judge Katz,[2] presiding judge of the family division of the Essex County Superior Court, boil down to two central contentions: (1) Judge Katz's conduct during an October 2018 custody proceeding violated due process and equal protection; and (2) Judge Katz retaliated against Malhan for this lawsuit and a critical Facebook post by having his law clerk tell a court employee to suspend Malhan's visitation rights. All of his claims either seek injunctive or declaratory relief, pursuant to § 1983 and the Declaratory Judgment Act, or seek monetary damages. Because Judge Katz is not a

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of a motion to dismiss. *See Santiago v. GMAC Mortg. Grp., Inc.*, 417 F.3d 384, 386 (3d Cir. 2005). To survive the motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014) (citation omitted). We accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.*

[2] Malhan's amended complaint contains four claims: (1) violation of due process and equal protection based on Judge Katz's actions at the custody hearing (Count I); (2) conspiracy to deprive Malhan of due process and equal protection (Count II); (3) a declaratory judgment that parents have a due process right to cross-examine witnesses and present rebuttal evidence (Count III); and (4) retaliation (Count IV).

proper defendant for declaratory or injunctive relief under § 1983 and because he is absolutely immune from a suit for monetary damages, Malhan cannot proceed on any count.

### A. Malhan's request for declaratory or injunctive relief

A § 1983 action for declaratory or injunctive relief that challenges the constitutionality of either a state statute or policy may not be brought against "a judge who acts [in an adjudicatory capacity] as a neutral and impartial arbiter of [the law]." *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017). Judges act in an adjudicatory capacity when they have no "personal or institutional stake on either side of [a] . . . controversy," "have played no role in [a] statute's enactment," and "have not initiated its enforcement." *Id.* (alterations in original) (citation omitted). A judge is a proper defendant, however, if she "acts as an enforcer or administrator of a statute," i.e., when she has the power to initiate proceedings, *id.* at 440–42; is delegated administrative functions, *id.* at 442; or is in an "adverse" position to the parties, *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 199 (3d Cir. 2000).

Judge Katz's challenged courtroom practices—calling and directly examining witnesses, prohibiting Malhan from conducting cross-examination or calling his own witnesses, and declining to listen to an audio recording offered by Malhan as rebuttal evidence—were all done in an adjudicative capacity. At base, Malhan is challenging Judge Katz's application (proper or not) of the standards set forth in New Jersey case law and related evidentiary rules for the initiation and conduct of custody proceedings. *See, e.g., Hand v. Hand*, 917 A.2d 269, 271 (N.J. Super. Ct. App. Div. 2007) (collecting case law

concerning plenary hearings); *K.A.F. v. D.L.M.*, 96 A.3d 975, 983–84 (N.J. Super. Ct. App. Div. 2014) (same); N.J. R. Evid. 614 (discussing the court's ability to call and examine witnesses).

In short, Malhan's fight lies with those governing standards, not Judge Katz.[3] Because Judge Katz did not initiate the custody hearing himself, played no role in promulgating the rules to which Malhan objects, and has no vested interest in defending the rules' constitutionality, he is not a proper defendant for declaratory or injunctive relief.

## B. Malhan's request for monetary damages

Absolute immunity applies so long as the suit challenges a judicial act that was not taken in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted); *see Figueroa v. Blackburn*, 208 F.3d 435, 444 (3d Cir. 2000) (noting that immunity attaches so long as the court "has some subject matter jurisdiction" (citation omitted)). An act is judicial if (1) it is "a function normally performed by a judge"; and (2) the parties "dealt with the judge in his judicial capacity." *Figueroa*, 208 F.3d at 443 (citation omitted).

Judge Katz's actions at the custody hearing and the *ex parte* communication by his law clerk satisfy these criteria. The judge had jurisdiction over the proceedings in dispute.

---

[3] Malhan argues that Judge Katz assumed a prosecutorial role when he questioned the witnesses and prohibited cross-examination. But Judge Katz allowed *neither* parties' counsel to conduct cross-examination; he allowed the children's guardian ad litem to question the witnesses and based his own questioning on topics suggested by the parties' counsel. Assuming arguendo that these actions were in error, that alone does not mean Judge Katz acted in an enforcement capacity—misapplication of the law is still application of the law, not enforcement of the law against a party.

4

*See, e.g.*, *Hand*, 917 A.2d at 271 (discussing a similar custody proceeding); N.J. Code of Jud. Conduct r. 3.8 cmt. 2 (contemplating communications between judges and court employees). Calling and questioning witnesses, *see, e.g.*, N.J. R. Evid. 614(a)–(b), and communicating *ex parte* with court employees, *see, e.g.*, N.J. Code of Jud. Conduct r. 3.8 cmt. 2, are both "function[s] normally performed by a judge," *Figueroa*, 208 F.3d at 443. And the parties were dealing with Judge Katz while he was attempting to resolve a custody dispute—a "paradigmatic judicial act[]." *See Forrester v. White*, 484 U.S. 219, 227 (1988). In particular, Malhan challenges Judge Katz's refusal to consider his evidence or permit cross-examination and asserts that Judge Katz acted with malicious intent. But even assuming the truth of Malhan's allegations, which we must at the motion-to-dismiss stage, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority," *Stump*, 435 U.S. at 356—even where such action constituted a "grave procedural error[]," *id.* at 359, or was conducted in an "informal and *ex parte*" manner, *Forrester*, 484 U.S. at 227.

\* \* \*

In sum, because declaratory and injunctive relief is not properly sought against Judge Katz and because absolute judicial immunity against claims for monetary damages attaches where, as here, a judge engaged in judicial acts and had "some subject matter jurisdiction," *Figueroa*, 208 F.3d at 444 (citation omitted), the District Court did not err in dismissing Malhan's complaint.

## II.    CONCLUSION

For the foregoing reasons, we will affirm the District Court's order of dismissal.

5